Lucy F. Kweskin
Matthew A. Skrzynski
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Jeff J. Marwil (*pro hac vice* pending)
Brooke H. Blackwell (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

Peter J. Young (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**CENTURY 21 DEPARTMENT STORES LLC,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 20-12097 (SCC)**<br><br>**(Joint Administration Requested)** |

**APPLICATION OF DEBTORS SEEKING ENTRY OF AN ORDER
(I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Century 21 Department Stores LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), respectfully

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are Century 21 Department Stores LLC (4073), L.I. 2000, Inc. (9619), C21 Department Stores Holdings LLC (8952), Giftco 21 LLC (0347), Century 21 Fulton LLC (4536), C21 Philadelphia LLC (2106), Century 21 Department Stores of New Jersey, L.L.C. (1705), Century 21 Gardens Of Jersey, LLC (9882), C21 Sawgrass Blue, LLC (8286), C21 GA Blue LLC (5776), and Century Paramus Realty LLC (5033). The Debtors' principal place of business is: 22 Cortlandt Street, 5th Floor, New York, NY 10007.

represent as follows in support of this application (the "**Application**"):

## Background

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Norman R. Veit Jr. Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "**Veit Declaration**"),[2] and the *Debtors' Memorandum in Support of Chapter 11 Filings*, each filed with the Court contemporaneously herewith and incorporated by reference herein.

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Veit Declaration.

118492375v5

5. The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Relief Requested**

6. By this Application, pursuant to section 156(c) of the Bankruptcy Code, Bankruptcy Rules 9013-1(a) and 5075-1(b), and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)* (dated June 17, 2013) (the "**Claims Agent Protocol**"), the Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, (a) appointing Stretto ("**Stretto**")[3] as claims and noticing agent (the "**Claims and Noticing Agent**") for the Debtors in their Chapter 11 Cases effective as of the Petition Date, including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases, and (b) granting related relief. In support of this Application, the Debtors submit the Declaration of Sheryl Betance, Managing Director of Stretto (the "**Betance Declaration**"), attached hereto as **Exhibit B**. The Debtors' selection of Stretto to act as the Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol (as defined below), in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable

---

[3] Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "**Engagement Agreement**").

7. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be thousands of entities to be noticed. Local Rule 5075-1(b) provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the [Claims Agent Protocol]." In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 5075-1(b) and is otherwise in the best interests of both the Debtors' estates and their creditors.

8. By separate application, the Debtors will seek authorization to retain and employ Stretto as administrative advisor in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code because the administration of these Chapter 11 Cases will require Stretto to perform duties outside the scope of 28 U.S.C. § 156(c).

## Stretto's Qualifications

9. Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all

parties in interest. Stretto's active and former cases include: *In re Dean & Deluca New York, Inc.,* Case No. 20-10916 (MEW) (Bankr. S.D.N.Y. Apr. 7, 2020); *In re Seabras 1 USA, LLC*, Case No. 19-14006 (SMB) (Bankr. S.D.N.Y. Dec. 27, 2019); *In re Agera Energy LLC*, Case No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019); *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (S.D.N.Y. Aug. 7. 2019); *In re Tri-Point Oil & Gas Production Systems, LLC,* Case No. 20-31777 (DRJ) (Bankr. S.D. Tex. March 18, 2020); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) (Bankr. D.Del. Nov. 15 2019); *In re Fleetwood Acquisition Corp.*, Case No. 19-12330 (KG) (Bankr. D.Del. Nov. 5, 2019); *In re Zenergy Brands, Inc.*, Case No. 19-42886 (Bankr. E.D.Tex. Oct. 31, 2019); *In re News-Gazette, Inc.*, Case No. 19-11901 (KBO) (Bankr. D.Del. Sept. 4, 2019); *In re Loot Crate, Inc.*, Case No. 19-11791 (BLS) (Bankr. D.Del. Aug. 14, 2019).[4]

10. By appointing Stretto as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Court (the "**Clerk's Office**") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## Services to be Provided

11. This Application pertains only to the work to be performed by Stretto as Claims and Noticing Agent under the Clerk's Office's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 5075-1, and any work to be performed by Stretto outside of this scope is not covered by this Application or by any order granting approval hereof, and the Debtors will file a separate retention application for any other such work. Specifically, Stretto will perform

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

118492375v5

the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

    a.    prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

    b.    maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

    c.    maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

    d.    furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

    e.    maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

    f.    for all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed with the Clerk, an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

    g.    process all proofs of claim received, including those received by the Clerk,

check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. provide an electronic interface for filing proofs of claim;

i. maintain the official claims register for each Debtor (collectively, the "**Claims Registers**") on behalf of the Clerk on a case specific website; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

j. provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

k. implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

l. record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

m. relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

n. upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

o. monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

p. identify and correct any incomplete or incorrect addresses in any mailing or service lists;

q. assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

r. if these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Stretto of entry of the order converting the cases;

7

118492375v5

s.  thirty days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Stretto as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

t.  within seven days of notice to Stretto of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

u.  at the close of these Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, Missouri 64064 or (ii) any other location requested by the Clerk's Office.

## **Professional Compensation**

12. The Debtors respectfully request that the undisputed fees and expenses incurred by Stretto in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

13. Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $50,000. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance

under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

14. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Stretto and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's bad faith, gross negligence, or willful misconduct or as otherwise provided in the Engagement Agreement or Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

## **Disinterestedness**

15. Although the Debtors do not propose to employ Stretto under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Stretto has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

16. Moreover, in connection with its retention as Claims and Noticing Agent, Stretto represents in the Betance Declaration, among other things, that:

   a. Stretto is not a creditor of the Debtors;

   b. Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

   c. by accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

9

d.  in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

e.  Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

f.  Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

g.  in its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not intentionally misrepresent any fact to any person;

h.  Stretto shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

i.  Stretto will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j.  none of the services provided by Stretto as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's Office.

17. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Compliance with Claims and Noticing Agent Protocol

18. This Application complies with the Claims Agent Protocol and substantially conforms to the standard section 156(c) application in use in this Court. To the extent that there is any inconsistency between this Application, the Order, and the Engagement Agreement, the Order shall govern.

## Basis for Relief

19. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

20. In addition, Local Rule 5075-1(a) provides:

> The Court may direct, subject to the supervision of the Clerk, the use of agents either on or off the Court's premises to file Court records, either by paper or electronic means, to issue notices, to maintain case dockets, to maintain Judges' calendars, and to maintain and disseminate other administrative information where the costs of such facilities or services are paid for by the estate.

Local Rule 5075-1(a).

21. The Court has promulgated the Claims Agent Protocol "to ensure the use of competitive process in the selection of claims agents in instances where the Court has authorized such use under 28 U.S.C. § 156(c)." In compliance with the Claims Agent Protocol, the Debtors obtained and reviewed proposals from three court-approved claims and noticing agents, including Stretto. The Debtors provided each court-approved claims and noticing agent the basic facts about these Chapter 11 Cases and asked each claims and noticing agent to submit a written proposal based upon such facts. The Debtors also asked each claims and noticing agent case-specific pricing questions. Ultimately, the Debtors chose Stretto as their claims and noticing agent based on its capability and favorable price terms.

22. Local Rule 5075-1(b) requires the retention, pursuant to an order of the Court, of an approved claims and noticing agent in a case having 250 or more creditors and/or equity security holders, which is applicable to these Chapter 11 Cases.

11

23. Given the number of creditors and other parties in interest involved in these Chapter 11 Cases, the Debtors seek an order appointing Stretto as the claims and noticing agent in these Chapter 11 Cases effective as of the Petition Date pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1 to relieve this Court and the Clerk's Office of administrative burdens.

24. At the Debtors' request, Stretto has been serving in a Claims and Noticing Agent capacity since prior to the Petition Date with assurances that the Debtors would seek approval of its employment and retention effective as of the Petition Date so that Stretto may be compensated for its pre-application services in these Chapter 11 Cases. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided herein, because Stretto has provided and continues to provide valuable services to the Debtors' estates in the interim period.

25. Courts in this jurisdiction have routinely approved *nunc pro tunc* employment for claims and noticing agents similar to that requested herein. *See, e.g.*, *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (S.D.N.Y. Aug. 7, 2019) (approving appointment of claims and noticing agent *nunc pro tunc* to the petition date); *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (Bankr. S.D.N.Y. July 2, 2019) (same); *In re Sungard Availability Servs. Capital, Inc.*, Case No 19-22915 (RDD) (Bankr. S.D.N.Y. June 25, 2019) (same); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2019) (same).

26. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, the Debtors respectfully request entry of the Order, pursuant to section 156(c) of the Bankruptcy Code and Local Rule 5075-1, approving this Application to retain and employ

12
118492375v5

Stretto as the Claims and Noticing Agent in these Chapter 11 Cases, effective as of the Petition Date.

**Motion Practice**

27. This Application includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application. Accordingly, the Debtors submit that this Application satisfies Local Rule 9013-1(a).

**Notice**

28. Notice of this Motion has been provided to (i) the United States Trustee for Region 2; (ii) the holders of the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) the United States Attorney's Office for the Southern District of New York; (iv) counsel to the Prepetition Agent, Julia Frost-Davies (julia.frost-davies@morganlewis.com) and David Riley (david.riley@morganlewis.com); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

**No Prior Request**

29. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank.*]

118492375v5

WHEREFORE the Debtors respectfully request entry of the Order and such other and further relief as the Court may deem just and appropriate.

Dated: September 10, 2020
      New York, New York

Respectfully submitted,

/s/ *Lucy F. Kweskin*

Lucy F. Kweskin
Matthew A. Skrzynski
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: lkweskin@proskauer.com
Email: mskrzynski@proskauer.com

-and-

Jeff J. Marwil (*pro hac vice* pending)
Brooke H. Blackwell (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com
Email: bblackwell@proskauer.com

-and-

Peter J. Young (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 577-2193
Email: pyoung@proskauer.com

*Proposed Attorneys for Debtors
and Debtors in Possession*