**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>**CENTURY 21 DEPARTMENT STORES LLC,** *et al.*,<br><br>Debtors.[1] | Re: ECF No. 9<br><br>Chapter 11<br><br>Case No. 20-12097 (SCC)<br><br>(Jointly Administered) |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO MAINTAIN THEIR INSURANCE POLICIES AND PROGRAMS AND SURETY BOND PROGRAM AND (B) HONOR CERTAIN OBLIGATIONS WITH RESPECT THERETO AND (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM

Upon the motion (the "**Motion**")[2] of Century 21 Department Stores LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d), 363(b) and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for (a) authority, but not direction to (i) continue to maintain, renew, or terminate, in their sole discretion, their Insurance Policies and Programs (including the Workers' Compensation Program and the Debtors' premium financing arrangements) and the Surety Bond Program, (ii) honor their Insurance and Surety Obligations in the ordinary course of business during the administration of these Chapter 11 Cases, (iii) pay any prepetition Insurance Obligations, including, without limitation, amounts owed under the Premium Financing Agreements and to the Insurance Service Providers, and (b) modification of the

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are Century 21 Department Stores LLC (4073), L.I. 2000, Inc. (9619), C21 Department Stores Holdings LLC (8952), Giftco 21 LLC (0347), Century 21 Fulton LLC (4536), C21 Philadelphia LLC (2106), Century 21 Department Stores of New Jersey, L.L.C. (1705), Century 21 Gardens Of Jersey, LLC (9882), C21 Sawgrass Blue, LLC (8286), C21 GA Blue LLC (5776), and Century Paramus Realty LLC (5033). The Debtors' principal place of business is: 22 Cortlandt Street, 5th Floor, New York, NY 10007.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

automatic stay if necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on September 10, 2020 to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the Veit Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay, in the ordinary course of business, all Insurance Obligations (including, without limitation, amounts owed under the Premium Financing Agreements and to the Insurance Service Providers) arising under or relating to the Insurance Policies and Programs, including, without limitation, any new Insurance Policies

and Programs, and whether or not such Insurance Policies and Programs are listed on **Annex 1** hereto, and any new Premium Financing Agreements, whether or not such Premium Financing Agreements are listed on **Annex 2** hereto, regardless of whether accruing or relating to the period before or after the Petition Date; <u>provided</u> <u>that</u>, the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date and the date that a final order on the Motion is entered in an amount in the aggregate not to exceed $150,000, unless otherwise ordered by the Court.

3. In accordance with this Interim Order (or any other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of any obligations described in the Motion are authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise, and without liability for the following the Debtors' instructions.

4. The Debtors are authorized, but not directed, to maintain their Insurance Policies and Programs, including the arrangements under the Premium Finance Agreements, in accordance with practices and procedures that were in effect before the commencement of these Chapter 11 Cases.

5. The Debtors, with notice to and the consent of the Prepetition Agent, are authorized, but not directed, to revise, extend, supplement or otherwise modify their insurance

3

coverage or Surety Bonds as needed, including without limitation, through the purchase or renewal of new or existing insurance policies or Surety Bonds or through entering into or renewing new or existing premium financing agreements.

6. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay shall be modified to the extent necessary to permit the Debtors' employees to proceed with any claims that they may have under the Workers' Compensation Program and for the Debtors to honor and pay such obligations whether or not arising prior to the Petition Date.

7. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the final hearing to consider the relief requested in the Motion (the "**Final Hearing**").

8. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility (in either case, the "**Cash Collateral Order**"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this Interim Order, the terms of the Cash Collateral Order shall control.

9. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any

4

claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

10. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

16. The Final Hearing shall be held on **September 30, 2020, at 11:00 a.m. (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Proskauer Rose, LLP, 70 West Madison, Ste. 3800 Chicago, IL 60602-4342 (Attn: Jeff J. Marwil, Esq.); Eleven Times Square, New York, New York 10036 (Attn: Lucy F. Kweskin, Esq.); (ii) the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Rm. 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq.); and (iii) counsel to the Prepetition Agent, Morgan Lewis & Bockius LLP, One Federal Street, Boston, MA 02110, (Attn: Julia Frost-Davies,

5

Esq.); Morgan Lewis & Bockius LLP, 2049 Century Park East, Los Angeles, CA 90067 (Attn: David Riley, Esq.), in each case, so as to be actually received on or prior to **12:00 p.m. (Prevailing Eastern Time) on September 24, 2020**.

Dated: September 14, 2020
       New York, New York

                                                  /S/ Shelley C. Chapman
                                                  HONORABLE SHELLEY C. CHAPMAN
                                                  UNITED STATES BANKRUPTCY JUDGE

# Annex 1

## Policy Schedule

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium |
|---|---|---|---|---|
| *Property/Boiler* | Liberty Mutual<br>Lloyds of London | YS2-L9L-464440-019<br>PG1902704 | 8/1/2020-8/1/2021 | $226,625 |
| *Property/Boiler* | Steadfast (Zurich E &S) | XPP-5492113-06 | 8/1/2020-8/1/2021 | $78,450 |
| *Property/Boiler* | Axis | EAF624722-19 | 8/1/2020-8/1/2021 | $123,226 |
| *Property/Boiler* | Starr Surplus | SLSTPTY11215019 | 8/1/2020-8/1/2021 | $123,226 |
| *Property/Boiler* | Lloyds (Houston Casualty) | PG1902346 | 8/1/2020-8/1/2021 | $41,897 |
| *Property/Boiler* | Lloyds (SII 1945) | PG1902346 | 8/1/2020-8/1/2021 | $13,407 |
| *Property/Boiler* | Lloyds (UUL9797) | PG1902346 | 8/1/2020-8/1/2021 | $16,758 |
| *Property/Boiler* | Lloyds (APL) | PG1902346 | 8/1/2020-8/1/2021 | $33,517 |
| *Property/Boiler* | Lloyds (AMA 1200) | PG1902696 | 8/1/2020-8/1/2021 | $34,555 |
| *Property/Boiler* | Lloyds (NEO 2468/4242) | PG1902696 | 8/1/2020-8/1/2021 | $43,194 |
| *Property/Boiler* | Lloyds (ATL) | PG1902698 | 8/1/2020-8/1/2021 | $57,592 |

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium |
|---|---|---|---|---|
| *Property/Boiler* | Lloyds (CHN 2015) | PG1902707 | 8/1/2020-8/1/2021 | $28,796 |
| *Property/Boiler* | Lloyds (HDU) | PG1902702 | 8/1/2020-8/1/2021 | $35,100 |
| *Property/Boiler* | Allianz | USP00080719 | 8/1/2020-8/1/2021 | $217,346 |
| *Property/Boiler* | Endurance American Specialty Ins. | ARP110011564202 | 8/1/2020-8/1/2021 | $27,025 |
| *Property/Boiler* | Lloyds (LIB) | PG1902712 | 8/1/2020-8/1/2021 | $23,659 |
| *Excess Property* | Evanston Ins. Co. | MKLV10XP003501 | 8/1/2020-8/1/2021 | $29,567 |
| *Excess Property* | Liberty Mutual | MQ2-L9L-464440-029 | 8/1/2020-8/1/2021 | $18,553 |
| *Excess Property* | Great American | CPP 863 59-89-12 | 8/1/2020-8/1/2021 | $70,044 |
| *Excess Property* | Landmark American | LHT909486 | 8/1/2020-8/1/2021 | $9,079 |
| *Excess Property* | Axis Surplus Lines | EAF632184-19 | 8/1/2020-8/1/2021 | $20,754 |
| *Excess Property* | QBE Specialty | CFE1317141 | 8/1/2020-8/1/2021 | $33,271 |
| *Excess Property* | QBE Specialty | CFE1317141 | 8/1/2020-8/1/2021 | $11,872 |

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium |
|---|---|---|---|---|
| *Excess Property* | Homeland Ins. Co. of Delaware (One Beacon) | 795010502 | 8/1/2020-8/1/2021 | $88,204 |
| *Excess Property* | Allianz Global | USL00103218 | 8/1/2020-8/1/2021 | $17,251 |
| | Beazley | B6012BUSACONT18 | | $10,377 |
| | Lloyds HIS | PG1902350 | | $20,754 |
| | Lloyds APL | | | $6,911 |
| | Lloyds TRV | | | $8,654 |
| | Lloyds XLS | | | $10,377 |
| | Lloyds AML | | | $20,754 |
| | Lloyds AUL | | | $7,782 |
| *General Liability* | Starr Indemnity & Liability Co. | 1000305306201 | 4/1/20-21 | $874,590 |
| *EPLI* | Beazley | V1232E190801 | 1/31/20-1/31/21 | $144,281 |
| *EPLI Punitive* | Paragon | B0146ERUSA1900001 | 1/31/20-1/31/21 | $14,428 |
| *Umbrella* | Allied Workd Assurance Co (US) Inc.(Admitted) | 0307-5750 | 4/1/20-21 | $237,350 |
| *Umbrella* | Aspen | CX00G4Q20 | 4/1/20-21 | $80,713 |
| *Excess Umbrella* | Zurich American Ins. Co. | AEC937978416 | 4/1/20-21 | $64,650 |
| *Excess Umbrella* | Chubb | 798167-11 | 4/1/20-21 | $45,450 |

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium |
|---|---|---|---|---|
| *Excess Umbrella* | Liberty Mutual (Ohio Casualty) | ECO2156038963 | 4/1/20-21 | $31,997 |
| *Excess Umbrella* | Fireman's Fund | USL005770206 | 4/1/20-21 | $6,375 |
| *Fidelity/Crime* | Berkley | BCCR 45002454-22 | 11/30/19-11/30/20 | $36,654 |
| *Automobile* | Starr Indemnity | 1000198458191 | 4/1/20-21 | $335,035<br>$12,354<br>$12,234 |
| *Workers Compensation* | New York State Insurance Fund | L814 095-6 | 2/2/20-21 | $23,396 |
| *Workers Compensation* | Everest | RM1GL00015<br>RM1WC00023 | 3/31/20-21 | $1,837,450 |
| *Ocean Marine* | Tokio Marine & Nichido Fire | T060010993 | 3/1/20-3/1/21 | $50,000 |
| *Nuclear, Biological & Chemical Liability* | Allianz | USL00168019 | 3/6/19-3/6/22 | $558,357 |
| *Nuclear, Biological & Chemical Liability Excess* | Tokio Marine | PPK1956239 | 3/6/19-3/6/22 | $157,566 |
| *Storage Tank Liability* | Chubb (Ace American) | G28309569 002 | 5/23/20-21 | $350 |

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium |
|---|---|---|---|---|
| *Pollution Legal Liability* | Tokio Marine | PPK1854322 | 7/15/18-23 | $110,425 |
| *Cyber Liability* | Beazley | B0180/PH2001787 | 2/1/20-21 | $126,815 |
| *Cyber Liability Excess* | XL (Greenwich Ins.) | MTE 9034305 03 | 2/1/20-21 | $83,021 |
| *Flood* | Hartford | 87060123922017 | 11/23/19-20 | $2,401 |
| *Flood* | Philadelphia | 87028576722018 | 9/22/19-20 | $1,600 |
| *Flood* | Wright National Flood | 29115162580402 | 6/17/20-21 | $2,451 |
| *Flood* | Wright National Flood | 29115188742500 | 9/5/19-20 | $8,558 |
| *Flood* | Wright National Flood | 29115162579202 | 6/17/20-21 | $4,664 |

# Annex 2

## Premium Financing Arrangements

| Premium Financier | Insurer | Type of Coverage | Policy Term | Financed Premium | Down Payment | Installment Amount | No. of Installments Outstanding | Interest Rate |
|---|---|---|---|---|---|---|---|---|
| AFCO Credit Corporation | Various Policies (I Dachs & Sons, broker) | General Liability | 4/1/20-21 | $1,753,167.94 | $914,424.00 | $141,730.71 | 4 | 3.017% |
| First Insurance Funding | Various Policies (Alliant Insurance Services - Real Estate, broker) | Property/ Boiler | 8/1/20-21 | $2,398,202.36 | $495,595.38 | $214,273.82 | 9 | 3.250% |