Hearing Date: May 24, 2022 at 11:00 a.m. (prevailing Eastern Time)
Objections Due: May 17, 2022, at 4:00 p.m. (prevailing Eastern Time)

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Keara M. Waldron, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: kwaldron@lowenstein.com
Email: lsklar@lowenstein.com

-and-

Brent Weisenberg, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
Email: bweisenberg@lowenstein.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CORTLANDT LIQUIDATING LLC, *et al.*[1],<br><br>                                                Debtors. | Chapter 11<br><br>Case No. 20-12097 (SCC)<br><br>(Jointly Administered) |

**PLAN ADMINISTRATOR'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATOIN ORDER AGAINST THE NEW YORK STATE DEPARTMENT OF TAXATION OR, IN THE ALTERNATIVE, FOR DETERMINATION OF**
**TAX LIABILITY PURSUANT TO 11 U.S.C. § 505**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is Cortlandt Liquidating LLC f/k/a Century 21 Department Stores LLC (4073). The Debtor's current address is c/o Alan D. Halperin, Esq., Halperin Battaglia Benzija, LLP, 40 Wall Street - 37th Floor, New York, NY 10005.

Alan D. Halperin, Esq., solely in his capacity as Plan Administrator (the "Plan Administrator") of Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC) (the "Wind-Down Debtor") and its debtor affiliates (collectively, the "Debtors"), files this motion (the "Motion") for (A) enforcement of the (i) *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [ECF No. 204] (the "Bar Date Order") and (ii) *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 883] (the "Confirmation Order"), including, but not limited to, the injunctive provisions (the "Plan Injunction") provided therein, each against the New York State Department of Taxation and Finance ("NYS"), or, in the alternative, (B) a determination pursuant to 11 U.S.C. § 505 that the sales and use tax liability to the State of New York for the period covering December 1, 2015 to May 31, 2018 (the "Audit Period") is $0.00 due to NYS's failure to comply with the Bar Date Order or some other amount to be determined at trial. In support of the Motion, the Plan Administrator respectfully states as follows:

**Preliminary Statement**

1. The Plan Administrator makes this Motion in order to clarify that a certain tax assessment issued by NYS is not collectable against the Debtors, the Wind-Down Debtor, or their respective estates due to NYS's failure to comply with the Bar Date Order.

2. As explained in greater detail herein, the assessment was issued in September 2021 and arises out of an audit that was commenced prepetition concerning certain sales and use tax for the Audit Period. Despite NYS's knowledge of the alleged liability both before and after the Bar

2

Date, as well as NYS's knowledge of its requirement to comply with the Bar Date, to date, NYS has not filed any proof of claim in the Debtors' Chapter 11 Cases.

3.      Accordingly, NYS is barred, estopped and enjoined from pursuing any claim on account of the Audit, Assessment or otherwise against the Debtors. As the Plan Administrator is winding down the administration of the Wind-Down Debtors' estate, the Plan Administrator makes this Motion in an effort to clarify the liabilities due and owing from the estate.

### Jurisdiction, Venue, Background

4.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. Pursuant to Bankruptcy Rule 7008, the Plan Administrator consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 105(a), 505(a)(1) and 1141 of the Bankruptcy Code.

**A.      Procedural Background**

7.      On September 10, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

8.      On October 14, 2020, the Debtors filed their respective schedules of assets and liabilities (the "Schedules") [ECF Nos. 132–142] and statements of financial affairs (the "Statements") [ECF Nos. 143–153] (as amended on October 19, 2020 and January 25, 2021 at

3

ECF Nos. 170–173 and 515–527, respectively).  The Schedules provide the following scheduled claims for NYS:

- Schedule No. 236326 in the amount of $0.00 against Century 21 Department Stores LLC, and

- Schedule No. 236327 in the amount of $0.00 against L.I. 2000, Inc.

9. On October 29, 2020, the Court entered the Bar Date Order, establishing March 9, 2021 (the "Governmental Bar Date") as the deadline for all governmental units asserting a Claim against the Debtors that arose on or prior to the Petition Date to file a Proof of Claim.  As established by the Bar Date Order, all governmental units who held a claim against the Debtors that arose prior to the Petition Date were required to file a proof of claim by the Governmental Claims Bar Date or be forever barred, estopped and enjoined from asserting such claim against the Debtors or their estates.

10. In accordance with the Bar Date Order, on November 11, 2020, the Debtors' claims and noticing agent (the "Claims and Noticing Agent"), Bankruptcy Management Solutions, Inc. (d/b/a Stretto), mailed the *Notice of Bar Dates for Filing Proofs of Claim* (the "Bar Date Notice") to NYS Dept. of Taxation and Finance, Attn: Office of Counsel, Building 9 WA, Harriman Campus, Albany, NY 12227, notifying NYS of its obligation to file a proof of claim by the Governmental Bar Date or be forever barred and estopped from doing so. *See* Affidavit of Service [ECF No. 234].  To date, NYS has not filed a proof of claim in the Chapter 11 Cases.

11. On April 26, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [ECF No. 883], confirming the *Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the*

4

*Bankruptcy Code (with Technical Modifications)* (the "Plan") [ECF No. 870]. As set forth in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* (the "Confirmation Notice") [ECF No. 910], the Effective Date of the Plan occurred on May 7, 2021.

12. On May 13, 2021, the Claims and Noticing Agent mailed the Confirmation Notice to NYS at the same address where the Bar Date Notice was mailed. *See* Certificate of Service [ECF No. 920].

### B. The NYS Sales and Use Tax

13. NYS commenced an audit (the "Audit") in August 2018 with respect to certain sales and use tax allegedly owed by Century 21 Department Stores LLC for the Audit Period. A copy of the Audit Request is attached hereto as **Exhibit A**.[2]

14. On September 9, 2021, nearly one year after the Petition Date and six months after the Governmental Bar Date, NYS issued a Notice of Determination (the "Notice of Determination"), Assessment ID Number L-054320894-6, providing an assessment (the "Assessment") for the Audit Period in the total amount of $552,302.86, comprised of $250,308.69 in alleged tax liability, $226,902.15 in interest, and $75,092.02 in penalties. A copy of the Notice of Determination is attached hereto as **Exhibit B**. The Plan Administrator contests the merits of the Assessment, primarily on the grounds that it erroneously assumes that certain capital improvements are subject to sales tax.[3]

---

[2] The Plan Administrator attaches exhibits redacted to remove any potentially sensitive information. The Plan Administrator will submit unredacted copies to the Court and, upon request, to NYS.

[3] As the Plan Administrator believes this matter may be summarily disposed of by enforcement of this Court's prior orders, the Plan Administrator does not address the merits of the Assessment at this time. To the extent necessary, the Plan Administrator reserves the right to submit further and supplemental briefing on the merits of the Assessment in connection with its request that the Court determine any tax liability owed pursuant to 11 U.S.C. § 505.

15. In an effort to preserve the estate's rights to contest the merits of the Assessment and otherwise resolve the matter consensually, on November 10, 2021, the Plan Administrator filed a request for conciliation conference with respect to the Notice of Determination. By letter dated December 14, 2021, NYS indicated that it accepted the request for conciliation conference. A copy of the December 14 letter, which includes a copy of the request for conciliation conference, is attached hereto as **Exhibit C.**

16. By letter accompanying the request for a conciliation conference, the Plan Administrator advised NYS that, due to NYS's failure to file a claim by the Governmental Bar Date, it is estopped and enjoined from seeking payment from the Debtors or their estates on account of the alleged liability set forth in the Notice of Determination. The Plan Administrator further requested that NYS withdraw the Notice of Determination and cease any collection efforts on account of the alleged liability set forth therein. A copy of the Plan Administrator's letter is included in **Exhibit C** attached hereto.

17. To date, NYS has not withdrawn its Notice of Determination or otherwise responded to the Plan Administrator's letter.

**Relief Requested**

18. The Plan Administrator requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, to enforce the Bar Date Order, Confirmation Order and Plan Injunction against NYS and to estop and enjoin NYS from pursuing collection of the Assessment or any other amounts against the Debtors, the Wind-Down Debtor, or their respective estates or property. In the alternative, and to the extent applicable, the Plan Administrator request a determination pursuant to 11 U.S.C. § 505 that the sales and use tax liability to the State of New York for the Audit Period is $0.00 due to NYS's failure to comply with the Bar Date Order or some other amount to be determined at trial.

**Basis for Relief**

**A. This Court Should Enforce Its Prior Orders to Preclude NYS From Collecting the Assessment or Any Other Amounts From the Debtors', the Wind-Down Debtor or their Respective Estates.**

19. Bankruptcy courts have jurisdiction and authority to interpret and enforce their own orders. *See In re Residential Capital, LLC,* 508 B.R. 838, 849 (Bankr. S.D.N.Y. 2014); *see also Travelers Indemnity Co. v. Bailey,* 129 S.Ct 2195, 2205 (2009) (acknowledging and upholding bankruptcy court's authority to enforce an injunction imposed in connection with confirmation of the debtor's Chapter 11 plan). This is particularly true where, as here, the bankruptcy court expressly retains jurisdiction to enforce its previously ordered injunctions, *see, e.g., Travelers Indemnity Co. v. Bailey,* 129 S. Ct at 2205, or when disputes arise over a bankruptcy plan. *See, e.g., In re Petrie Retail, Inc.,* 304 F.3d 223, 230 (2d Cir. 2002).

20. As provided in the Notice of Bar Dates for Filing Proofs of Claim approved by the Bar Date Order, any entity that is required to file a proof of claim but that fails to do so by the applicable bar date is forever barred, estopped and enjoined from asserting any claim against the Debtors or their estates or property that is in an amount that exceeds the amount identified on the Debtors' schedules for such entity. *See* Bar Date Notice, p. 6-7. Here, due to NYS's failure to file a proof of claim in the Chapter 11 Cases, NYS is precluded from seeking a claim in excess of the $0.00 provided in the Debtors' Schedules.

21. Similarly, the Plan provides that, after the applicable Bar Date, a Claim may not be Filed or amended without prior authorization of the Court or the Wind-Down Debtor and that absent any such authorization, "such Claim shall be deemed disallowed in full and expunged without any further action." Plan, Art. VII (G). Furthermore, the Plan provides that "any and all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date . . . and Holders of such Claims may not receive any Distributions on account of

7

such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order." Plan, Art. VII (F).

22. Furthermore, the Plan Injunction included at Article VIII.F of the Plan provides that all Entities who have held, hold, or may hold Claims or Interests that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from, *inter alia,* commencing or continuing in any manner any action or other proceeding or enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtors or the Wind-Down Debtor on account of or with respect to any such Claims or Interest. *See* Plan, Art. VIII.F. The Confirmation Order provides that, as of the Effective Date, the Plan and the Plan Injunction are immediately effective and enforceable and deemed binding on any and all Holders of Claims and Interests. *See* Confirmation Order, ¶¶ 26, 45. As NYS did not opt out of the Releases provided under the Plan, any Claim of NYS against the Debtors was released in accordance with the Plan. Plan, Art. VIII(D). *See Supplement to Certification of Stretto Regarding Solicitation of Votes and Tabulation of Ballots in Connection With the Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 863].

23. Finally, pursuant to Section 1141 of the Bankruptcy Code, the Plan is binding upon NYS and NYS is precluded from seeking payment on account of a claim at this time. 11 U.S.C. § 1141(a). As acknowledged by COLLIER ON BANKRUPTCY,

> Under [section 1141], subject to compliance with the requirements of due process under the Fifth Amendment, a confirmed plan of reorganization is binding upon every entity that holds a claim against or interest in the debtor even though a holder of a claim or interest is not scheduled, has not filed a claim, does not receive a distribution under the plan or is not entitled to retain an interest under such plan. *In other words, a confirmed plan precludes parties from raising claims or issues that could have or should have been raised before confirmation but were not.*

*See In re Residential Capital, LLC,* 508 B.R. at 846 (citing 8 COLLIER ON BANKRUPTCY ¶ 1141.02 (16th ed. Rev. 2013) (emphasis in original).

24.     Here, NYS has known of the potential alleged liability since the commencement of the Audit in August 2018 and was obligated to file a proof of claim in order to collect on account of such liability.  *See, e.g., In re Motors Liquidation Company,* 598 B.R. 744, 753-54 (Bankr. S.D.N.Y. 2019) (holding the term "claim" is broad enough to encompass any possible right to payment, including one that is uncertain, contingent, unliquidated, unmatured, or not yet cognizable).  NYS was also put on proper notice of is obligation to comply with the Bar Date Order.  NYS's failure to file a proof of claim forever bars, enjoins and estops NYS from demanding or recovering any amounts from Debtors, the Wind-Down Debtor or their respective estates.  Accordingly, this Court should enforce its prior orders and hold that NYS is forever barred from pursuing any claim or attempting to collect on account of the Audit, Assessment or otherwise against the Debtors, the Wind-Down Debtor or their respective estates.

### B. To the Extent Applicable, This Court Should Determine That the Tax Liability Owed to NYS is $0.00 Due to its Failure to Comply with the Bar Date Order.

25.     If, for any reason, this Court is unable to enforce the Bar Date Order and Confirmation Order to preclude NYS from pursuing a claim on account of the Audit, Assessment or otherwise, this Court may exercise its discretion pursuant to 11 U.S.C. § 505 to determine the tax liability due and owing to NYS.  This Court should exercise such discretion to determine that the tax liability owed to NYS is $0.00 due to NYS's failure to comply with the Bar Date Order.

26.     Pursuant to Section 505(a)(1), the Court may, in its discretion, determine the amount or legality of any tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. § 505(a)(1); *In re New Haven Projects Ltd. Liability*

*Co.,* 225 F.3d 283, 287 (2d Cir. 2000). *In re Gordon,* 2011 WL 3878356, *5 (Bankr. S.D.N.Y. Aug. 30, 2011).

27. To the extent applicable, the Plan Administrator requests that the Court determine that the tax liability owed to NYS is $0.00 in light of NYS's failure to comply with the Bar Date Order.

28. While the Plan Administrator also contests the merits of the Assessment, primarily on the grounds that it erroneously assumes that certain capital improvements are subject to sales tax, the Plan Administrator believes this matter may be summarily disposed of by reference to and enforcement of this Court's prior orders. To the extent necessary, the Plan Administrator reserves the right to submit further and supplemental briefing concerning the merits of the Assessment.

## Reservation of Rights

29. The Plan Administrator hereby reserves the right to object in the future to any Claim of NYS on any ground, and to amend, modify or supplement this Motion.

## Notice

30. Notice of this Motion has been provided to (i) counsel for the United States Trustee for Region 2 (the "U.S. Trustee") (by overnight mail and at andrea.b.schwartz@usdoj.gov); (ii) NYS; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice is required.

## No Prior Request

31. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: May 10, 2022<br>New York, New York | Respectfully submitted,<br>/s/ *Jeffrey L. Cohen* |

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Keara M. Waldron, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: kwaldron@lowenstein.com
Email: lsklar@lowenstein.com

-and-

Brent Weisenberg, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
Email: bweisenberg@lowenstein.com

*Counsel to the Plan Administrator*

## Exhibit D

**[Proposed Order]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**CORTLANDT LIQUIDATING LLC,** *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12097 (SCC)<br><br>(Jointly Administered) |

**ORDER GRANTING PLAN ADMINISTRATOR'S**
**MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER**
**AGAINST THE NEW YORK STATE DEPARTMENT OF TAXATION OR,**
**IN THE ALTERNATIVE, FOR DETERMINATION OF**
**TAX LIABILITY PURSUANT TO 11 U.S.C. § 505**

Upon the motion (the "Motion")[2] of Alan D. Halperin, Esq., solely in his capacity as Plan Administrator (the "Plan Administrator") of Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC) and its debtor affiliates (collectively, the "Debtors") for entry of an order (this "Order") (A) enforcing the (i) *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [ECF No. 204] (the "Bar Date Order") and (ii) *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 883] (the "Confirmation Order"), including, but not limited to, the injunctive provisions (the "Plan Injunction") provided therein, each against the New York State Department of Taxation and Finance ("NYS"), or, in the alternative, (B) determining pursuant to 11 U.S.C. § 505 the sales

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Cortlandt Liquidating LLC f/k/a Century 21 Department Stores LLC (4073). The Debtor's current address is c/o Alan D. Halperin, Esq., Halperin Battaglia Benzija, LLP, 40 Wall Street - 37th Floor, New York, NY 10005.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and use tax liability to the State of New York for the period covering December 1, 2015 to May 31, 2018 (the "Audit Period") is $0.00 due to NYS's failure to comply with the Bar Date Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

   **EITHER**

2. [In accordance with the Bar Date Order and Confirmation Order, NYS is estopped, enjoined and precluded from asserting a claim for the Audit Period or otherwise against the Debtors, the Wind-Down Debtors or their respective estates.

3. The Plan Injunction is applicable to the Audit and any other action on the part of NYS to collect on account of the Assessment.]

   **OR**

4. [The sales and use tax liability to the State of New York for the period covering the Audit Period is $0.00.]

5. The Plan Administrator's right to object in the future to any claim filed by NYS is fully reserved.

6. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion, as provided therein, shall be deemed good and sufficient notice of the Motion, and the requirements set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022  
New York, New York

_____  
THE HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE

3