## Exhibit D

**[Proposed Order]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

**CORTLANDT LIQUIDATING LLC,** *et al.*,
Debtors.[1]

Chapter 11

Case No. 20-12097 (SCC)

(Jointly Administered)

### ORDER GRANTING PLAN ADMINISTRATOR'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST THE NEW YORK STATE DEPARTMENT OF TAXATION OR, IN THE ALTERNATIVE, FOR DETERMINATION OF TAX LIABILITY PURSUANT TO 11 U.S.C. § 505

Upon the motion (the "Motion")[2] of Alan D. Halperin, Esq., solely in his capacity as Plan Administrator (the "Plan Administrator") of Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC) and its debtor affiliates (collectively, the "Debtors") for entry of an order (this "Order") (A) enforcing the (i) *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [ECF No. 204] (the "Bar Date Order") and (ii) *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 883] (the "Confirmation Order"), including, but not limited to, the injunctive provisions (the "Plan Injunction") provided therein, each against the New York State Department of Taxation and Finance ("NYS")*,* or, in the alternative, (B) determining pursuant to 11 U.S.C. § 505 the sales

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Cortlandt Liquidating LLC f/k/a Century 21 Department Stores LLC (4073). The Debtor's current address is c/o Alan D. Halperin, Esq., Halperin Battaglia Benzija, LLP, 40 Wall Street - 37th Floor, New York, NY 10005.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and use tax liability to the State of New York for the period covering December 1, 2015 to May 31, 2018 (the "Audit Period") is $0.00 due to NYS's failure to comply with the Bar Date Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**EITHER**

2. [In accordance with the Bar Date Order and Confirmation Order, NYS is estopped, enjoined and precluded from asserting a claim for the Audit Period or otherwise against the Debtors, the Wind-Down Debtors or their respective estates.

3. The Plan Injunction is applicable to the Audit and any other action on the part of NYS to collect on account of the Assessment.]

**OR**

4. [The sales and use tax liability to the State of New York for the period covering the Audit Period is $0.00.]

5. The Plan Administrator's right to object in the future to any claim filed by NYS is fully reserved.

6. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion, as provided therein, shall be deemed good and sufficient notice of the Motion, and the requirements set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022  
New York, New York

_____  
THE HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE

3