**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CORTLANDT LIQUIDATING LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12097 (MEW)<br><br>(Jointly Administered) |

**ORDER GRANTING OBJECTION TO PROOF OF CLAIM NO. 1066 FILED BY LINCOLN TRIANGLE COMMERCIAL HOLDING CO. LLC**

Upon the *Objection to Proof of Claim No. 1066 Filed By Lincoln Triangle Commercial Holding Co. LLC* [ECF No. 1083] (the "Objection")[2] of Alan D. Halperin, Esq., solely in his capacity as Plan Administrator (the "Plan Administrator") of Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC) and its debtor affiliates (collectively, the "Debtors"); and upon the *Interim Order Granting, In Part, Plan Administrator's Objection to Proof of Claim Number 1066* [ECF No. 1261] (the "Interim Order") and the *Order Regarding Section 502(b)(6) Computation Issues Raised By Plan Administrator's Objections to Proofs of Claim Filed by AAC Cross County Mall, LLC And Lincoln Triangle Commercial Holding Co. LLC* [ECF No. 1360] (the "Section 502(b)(6) Computation Order"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States

1 The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is Cortlandt Liquidating LLC f/k/a Century 21 Department Stores LLC (4073). The Debtor's current address is c/o Alan D. Halperin, Esq., Halperin Battaglia Benzija, LLP, 40 Wall Street - 37th Floor, New York, NY 10005.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and additional pleadings filed in response thereto [ECF Nos. 1100, 1113, 1122, 1302, 1305 and 1318]; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. In accordance with the rulings set forth in the Interim Order and Section 502(b)(6) Computation Order, Claim 1066 is allowed as an Allowed Class 3 General Unsecured Claim, as defined in the Plan, in the amount of $1,681,287.55.

3. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

4. The Claims and Noticing Agent retained in the Debtors' Chapter 11 Cases is authorized and directed to update the Claims Register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

5. Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 31, 2023
New York, New York

**s/Michael E. Wiles**
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE